# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| IN RE: **ELIEZER REYES CASTRO** | CASE NO: **17-04962-ESL** |
|---|---|
| Debtor(s) | Chapter 13 |

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

**\*ATTORNEY FEES AS PER R 2016(b) STATEMENT:**

Attorney of Record: **RAMON F LOPEZ LAW OFFICE\***

Total Agreed: **$3,000.00**    Paid Pre-Petition: **$625.00**    Outstanding (Through the Plan): **$2,375.00**

**\*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325**

Debtor(s) Income is (are) ☐ Under  ☑ Above Median Income       Liquidation Value: $**$0.00**

Commitment Period is   ☐ 36 months   ☑ 60 months §1325(b)(1)(B)    General Unsecured Pool: **$13,488.00**

With respect to the (amended) Plan date: Oct 19, 2017 (Dkt 20)    Plan Base: **$18,945.00**

The Trustee:   ☐ DOES NOT OBJECT   ☑ OBJECTS  Plan Confirmation    Gen. Uns. Approx. Dist.: 9.5 %

The Trustee objects to confirmation for the following reasons:

[1325(a)(6)] Insufficiently Funded – Plan funding insufficient to comply with Above Median Income Debtor(s) Projected Disposable Income. [1325(b)(4)]

Debtor failed Veteran's Disability Compensation income in the Chapter 13 Statement of Monthly Income and Calculation of Commitment Period and Projected Disposable Income ("Means Test"). In his Reply to Trustee's Unfavorable Report on Confirmation (Docket 21), Debtor stated that such income is a Veteran's Disability Compensation, which is not to be included in the Means Test. Debtor, however, has failed to provide a legal basis why such income is not to be included. While he has submitted evidence that it is not taxable, per 38 U.S.C. 5301(a), he has not established that such income is received under the Social Security Act, payments to victims from was crimes or crimes against humanity or payments to victims of international terrorism. These are the only exceptions to be considered when calculating current monthly income ("CMI"), per 11 U.S.C. 101(10A)(B). It should be noted that such section of the Bankruptcy Code states that non-taxable income is also included as part of the CMI. Correction of this deficiency in Means Test creates a projected disposable income of $51,735.60 ($862.26 per month), which the plan is insufficient to pay.

In any event, the plan is insufficiently funded to pay the PDI of $13,488.00, which was calculated by Debtor in the Means Test submitted (Docket 15).

[1325(b)(1)(B)] Projected Disposable Income – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

As per evidence of income submitted and noted in Schedule I, debtor also receives income from Veterans Affairs. Debtor has failed to consider this income for his budget in Schedule I.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has

been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney through CM-ECF Solicitation System.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: October 25, 2017

/s/ Alexandra Rodriguez, Esq.

Last Docket Verified: 22   Last Claim Verified: 8   CMC: RC